**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Brenda Kay Carnett, | No. CV-20-00343-TUC-CKJ |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

On October 18, 2021, Magistrate Judge Maria S. Aguilera issued a Report and Recommendation (R&R) in which she recommended that the Court reverse and remand the Commissioner of Social Security's denial of Plaintiff's application for supplemental security income.  (Doc. 37 at 5-9)  In a separate part of the R&R, the Magistrate Judge concluded that the Administrative Law Judge ("ALJ") correctly evaluated the medical-opinion evidence and committed no error. *Id.* at 9-11. The Commissioner objected to the portion of the R&R that recommended reversal (Doc. 38), and Plaintiff responded to the objection (Doc. 39).  For the reasons that follow, the Court adopts in part and rejects in part the recommendation of the Magistrate Judge and affirms the Commissioner's denial of Plaintiff's application for supplemental security income.

**LEGAL STANDARD**

A district "judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court," 28 U.S.C. § 636(b)(1)(A), and "to submit to a judge of

1  the court proposed findings of fact and recommendations for the disposition," *id.* §
2  636(b)(1)(B).  This includes matters which address the denial of social security benefits.
3  LRCiv 72.2(a)(10).  Any party "may serve and file written objections" to a report and
4  recommendation by a magistrate judge.  28 § 636(b)(1).  "A judge of the court shall make
5  a de novo determination of those portions of the report or specified findings or
6  recommendations to which objection is made."  *Id.*  District courts, however, are not
7  required to conduct "any review at all . . . of any issue that is not the subject of an
8  objection," *Thomas v. Arn*, 474 U.S. 140, 149 (1985); and a district judge "may accept,
9  reject, or modify, in whole or in part, the findings or recommendations made by the
10  magistrate [judge]," 28 § 636(b)(1).

11     "When reviewing a Social Security appeal, the Commissioner's decision must be
12  affirmed if it is supported by substantial evidence and the application of correct legal
13  standards." *Lesley v. Berryhill*, 261 F. Supp. 3d 983, 986 (D. Ariz. 2017) (citing *Batson v.*
14  *Commissioner of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004)).  "[S]ubstantial
15  evidence is such relevant evidence as a reasonable mind might accept as adequate to
16  support a conclusion."  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), *as*
17  *amended on reh'g* (Aug. 9, 2001).  It is "more than a mere scintilla but [ ] less than a
18  preponderance."  *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).
19  "Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's
20  conclusion that must be upheld."  *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595,
21  599 (9th Cir. 1999).  "The ALJ is responsible for determining credibility, resolving
22  conflicts in medical testimony, and resolving ambiguities."  *Massanari*, 253 F.3d at 1156.
23  "The ALJ's determinations of law are reviewed *de novo,* although deference is owed to a
24  reasonable construction of the applicable statutes."  *Id.*

25                              **DISCUSSION**

26     The Court has reviewed Plaintiff's Complaint (Doc. 1), the Commissioner's Answer
27  (Doc. 22), the Administrative Record, *see, e.g.,* Doc. 23-3 at 15-67, Plaintiff's Opening
28  Brief (Doc. 29), the Commissioner's Answering Brief (Doc. 35), Plaintiff's Reply Brief

1    (Doc. 36), the R&R (Doc. 37), the Commissioner's Objections (Doc. 38), and Plaintiff's

2    Response to Objections (Doc. 39).  The R&R recommends that the Commissioner's non-

3    disability determination be reversed and remanded because the ALJ erroneously rejected

4    Plaintiff's symptom testimony without sufficient reason. (Doc. 37 at 11) The Commissioner

5    objects to the recommendation by arguing that the ALJ correctly evaluated Plaintiff's

6    symptom testimony and by asserting that even if the ALJ erred in her evaluation, such error

7    was harmless and fails to require reversal.[1] (Doc. 38 at 2-3)  Plaintiff responds to the

8    Commissioner's objection by offering arguments which support the Magistrate Judge's

9    conclusion that the ALJ erroneously evaluated her subjective symptom testimony.  (Doc.

10   39 at 1-5)  The issues for the Court to determine are whether the ALJ followed the correct

11   legal standard for evaluating Plaintiff's symptom testimony, and whether her findings were

12   supported by substantial evidence.  *See Lesley*, 261 F. Supp. 3d at 986.

13       **I.      The ALJ Properly Discounted Plaintiff's Symptom Testimony**

14       In *Batson v. Commissioner of Social Security Administration*, the United States

15   Court of Appeals for the Ninth Circuit reiterated the standard that an ALJ must use to

16   evaluate a claimant's subjective symptom testimony. 359 F.3d 1190, 1195-96 (9th Cir.

17   2004).  It instructed:

> In deciding whether to admit a claimant's subjective symptom testimony, the
> ALJ must engage in a two-step analysis. Under the first step … , which is
> sometimes known as the *Cotton* test, the claimant must produce objective
> medical evidence of underlying impairment, and must show that the
> impairment, or a combination of impairments, could reasonably be expected
> to produce pain or other symptoms. If this *Cotton* test is satisfied, and if the
> ALJ's credibility analysis of the claimant's testimony shows no malingering,
> then the ALJ may reject the claimant's testimony about severity of symptoms
> with *specific findings stating clear and convincing reasons for doing so*.

---

[1] Because neither party objected to the R&R's conclusion that the ALJ properly evaluated
the medical-opinion evidence, the Court declines to review that part of the R&R and the
Magistrate Judge's conclusion is adopted.  *See Thomas*, 474 U.S. at 149 (noting that district
courts are not required to review any issue that is not the subject of an objection).

*Id.* (emphasis added) (internal quotation marks, citations, and footnote omitted). The court also provided examples of clear and convincing reasons (a.k.a., substantial evidence) to discount a claimant's symptom testimony, which include: (i) delays in treatment;[2] (ii) non-supporting opinions of reviewing physicians;[3] (iii) internal contradictions in the claimant's testimony;[4] (iv) contradictions with the objective medical evidence or with any persuasive doctor reports;[5] and (v) a claimant's daily living activities.[6]

At Plaintiff's disability hearing, she testified to a significant number of symptoms and ailments. *See* Doc. 23-3 at 38-58. She stated, in part, that: she started using a walker because she lost feeling in her legs, her legs would "go out," and she started falling, *id.* at 39, 41; she suffers from lupus, *id.* at 40; she suffers from a back issue, arthritis, bone deterioration, and weak muscles, *id.* at 41; she takes a nebulizer to treat her chronic obstructive pulmonary disease ("COPD"), *id.* at 42; she is on 15 different medications, *id.* at 43; she needs assistance putting on pants due to knee and lower back issues, *id.* at 44; her daughter does the housework and grocery shopping and takes her to her doctors' appointments, *id.*; she is up through the night with pain, it hurts to lay down, her day consists of moving back and forth from a chair to her bed because of the pain, and she can no longer take care of herself, *id.* at 46; when she has lupus flares, which happens about two to three times a month, she breaks out in welts and her skin feels like it is sitting in a pit of fire and that her flares will last from two to four days, *id.* at 46-47; she can sit for 10 to 13 minutes at a time, *id.* at 49; she can stand with her walker for 20 minutes and without her walker for 5 minutes, *id.* at 50; she has difficulty lifting a gallon of milk, and she frequently drops things, *id.* ; she grew up with a learning disability, *id.* at 53; and in 2002, she stopped working because she could no longer take the pain and her arms and limbs

---

[2] *Batson*, 359 F.3d at 1196; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).
[3] *Batson*, 359 F.3d at 1196; *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012).
[4] *Batson*, 359 F.3d at 1196; *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005); *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).
[5] *Batson*, 359 F.3d at 1196; *Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008);
[6] *Morgan v. Apfel*, 169 F.3d 595, 600 (9th Cir. 1999).

were not working properly, *id.* at 57.

After reviewing the entire record, the ALJ determined that Plaintiff suffered from the medically determinable severe impairments of COPD, arthritis, obesity, ischemic heart disease, and lupus, and that these impairments significantly limited Plaintiff's ability to perform basic work activities.  (Doc. 23-3 at 20)  However, in her residual functional capacity assessment, the ALJ concluded that while Plaintiff's "medically determinable impairments could reasonably be expected to cause [her] alleged symptoms[,] … [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record[.]"  *Id.* at 23.  To support this conclusion, the ALJ outlined a number of valid reasons for discounting Plaintiff's symptom testimony, which included the determinations that: (1) there was objective medical evidence that contradicted Plaintiff's testimony; (2) Plaintiff's testimony indicated a lack of consistent treatment for her symptoms; (3) non-examining physician opinions, which contradicted Plaintiff's testimony and supported a finding that Plaintiff was able to perform light work, were persuasive; (4) an examining physician's opinion, which supported Plaintiff's testimony, was unpersuasive; and (5) a treating provider's medical opinion, which supported Plaintiff's testimony, was conclusory and unpersuasive.  *Se*e Doc. 23-3 at 23-25.

## II.     Proposed Standard for Discounting Testimony Too Demanding

The Magistrate Judge concludes that the manner in which the ALJ discounted Plaintiff's symptom testimony constitutes reversible error.  (Doc. 37 at 5-9)  The R&R propounds that to reject a claimant's symptom testimony, an ALJ is required to specifically identify which parts of the testimony is not credible and explain what evidence undermines it.  *Id*. at 6. For example, the R&R suggests that to discount Plaintiff's testimony concerning lupus flares, the ALJ had to identify the testimony as not credible and link that testimony to the particular parts of the record supporting her non-credibility determination.  *Id*.  If the ALJ neglected to identify and discount every separate piece of symptom testimony, that testimony remained and had to be addressed in the ALJ's overall disability determination

on remand.  This standard is unpersuasively high and the Court declines to adopt it.

The manner in which the ALJ discounted Plaintiff's subjective symptom testimony was sufficiently specific for the Court to conclude that the ALJ did not arbitrarily reject Plaintiff's symptom testimony.  In identifying the testimony that she found not credible, the ALJ stated:

> The claimant alleges she is disabled due to COPD and osteoarthritis in her ankle, back, elbow, hand, hip, knee, shoulder, and wrist. She claims she experiences chronic pain, cannot stand for long periods, cannot breathe if she walks fore [sic] than feet, and cannot lift more than a gallon of milk. She reported needing help dressing and performing other self-care tasks due to pain. She also reported difficulty in every function listed on the adult function report. She testified that she often drops objects, often falls, and experiences lupus flares a few times per month.

Doc. 23-3 at 23 (internal record citations omitted).

The ALJ then included twelve paragraphs where she identified evidence which undermined Plaintiff's symptom testimony.  *See* Doc 23-3 at 23-25.  For example, in three of these paragraphs, the ALJ stated:

> The record also indicates the claimant has seropositive rheumatoid arthritis. There are no results in the record to shows [sic] the claimant is positive for rheumatoid factor. However, laboratory results show she had elevated erythrocyte sedimentation rate and C-reactive protein. The record also shows she went more than a year without treatment and six months without medications.

> In 2018, the claimant was negative for joint pain and myalgia. She was also frequently observed with a normal gait and was able to exercise. In February 2018, the claimant sought treatment for severe pain in her shoulder, back and neck, with spasms that go from her back all the way down to her feet. She reported her pain level was 10 out of 10. The claimant also requested an order for a cane because she reported she had recently fallen but had not injured herself. However, examination on that day showed she was in no acute distress and appeared well. Examination of the claimant also showed [sic] in the left neck and upper back, but no other objective signs of impairments or limitations . . .

> The claimant has also been diagnosed with systemic lupus erythematosus. It was noted that claimant reported joint pain, for which she was prescribed Tylenol. However, as noted above, the claimant was regularly observed with normal gait, and there is no examination or other evidence in the record of significantly impaired motion in the claimant's joints or muscles.

*Id.* at 24 (internal record citations omitted).

While it is true that "an [ALJ] may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain," *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991), "medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects," *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (citing 20 C.F.R. § 404.1529(c)(2)), and the ALJ in this case used a number of valid reasons to discount Plaintiff's symptom testimony in addition to contradictory objective medical evidence. *See supra* p. 5. A number of noteworthy Circuit decisions have followed a similar path. *See, e.g., Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (finding contradiction with the medical record and inconsistent testimony valid reasons to reject a claimant's subjective pain testimony); *Batson*, 359 F.3d at 1196 (9th Cir. 2004) (finding contradictory medical opinions, contradictions in claimant testimony, and a lack of supporting medical evidence constituted sufficient evidence to support ALJ's negative credibility determination).

In *Brown-Hunter v. Colvin*, a case which the R&R uses to bolster its heightened standard to discount symptom testimony, the Ninth Circuit concluded that in erroneously rejecting the claimant's testimony, the ALJ *only* stated that she found that "the functional limitations from the claimant's impairments were less serious than [the claimant] has alleged." 806 F.3d 487, 493 (9th Cir. 2015). The court then concluded that "[b]ecause the ALJ failed to identify the testimony she found not credible, she did not link that testimony to the particular parts of the record supporting her non-credibility determination." *Id.* at 494. If the Court were to adopt the Magistrate Judge's recommendation, an ALJ's credibility determination would read like a laundry list of individual symptoms followed

by citations to the record which either supported or negated each claim. Adopting the recommendation would also mean that a reviewing body could reverse an ALJ's disability determination simply because the ALJ failed to catch, and discount, an alleged symptom included in a long diatribe of claimant testimony.  That standard sidesteps the deference given to ALJs in making credibility determinations and resolving conflicts in the record.

### III.   Plaintiff's Mental Impairment Testimony Fails *Cotton* Test

The R&R also concludes that the ALJ improperly discounted Plaintiff's mental impairment symptom testimony.  (Doc. 37 at 7-8)  But this conclusion puts the cart before the horse.  The ALJ properly determined that Plaintiff's depression and anxiety were non-severe medically determinable mental impairments.  (Doc. 23-3 at 20).  After reaching this determination, the ALJ concluded that Plaintiff's mental impairment symptom testimony failed to satisfy the *Cotton* test.  *Id*. at 21.  The *Cotton* test "requires the claimant to produce medical evidence of an underlying impairment which is reasonably likely to be the cause of the alleged pain."  *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc).  "If th[e] Cotton test is satisfied, and if the ALJ's credibility analysis of the claimant's testimony shows no malingering, then the ALJ may reject the claimant's testimony about severity of symptoms with specific findings stating clear and convincing reasons for doing so." *Batson*, 359 F.3d at 1196 (internal quotation marks and citation omitted); s*ee also Carmickle*, 533 F.3d at 1160 ("[T]he clear-and-convincing standard applies only where objective medical evidence establishes that the claimant suffers from an impairment that could reasonably be expected to cause the symptoms of which he complains.").

In concluding that Plaintiff's mental impairment symptom testimony failed the *Cotton* test, the ALJ stated:

> Despite the claimant's alleged limitations listed above, there is no objective evidence in the record to support them. The claimant was receiving no mental health treatment or counseling by a mental health professional. Notes by other treating physicians report the claimant was cooperative, alert, and had normal cognitive functioning with appropriate mood and affect.

(Doc. 23-3 at 21) Therefore, the ALJ was not required to reject Plaintiff's mental impairment symptom testimony with specific findings stating clear and convincing reasons for doing so.  The Magistrate Judge erred in ruling otherwise.

The Court recognizes that the evidence in this case is susceptible to more than one rational interpretation.  Where necessary, the ALJ properly discounted Plaintiff's symptom testimony even if she failed to explicitly outline each alleged symptom and connect it to the corresponding evidence that refuted it.  Because the Court finds that the ALJ properly discounted Plaintiff's symptom testimony, it need not reach the question of whether the ALJ's presumptive error requires reversal.  Accordingly, the Court affirms the Commissioner's denial of Plaintiff's application for supplemental security income and rejects the Magistrate Judge's recommendation to reverse and remand.

**IT IS ORDERED:**

1.  The Magistrate Judge's Report and Recommendation (Doc. 37) is ADOPTED IN PART AND REJECTED IN PART.

2.  The Commissioner's denial of Plaintiff's application for supplemental security income is AFFIRMED.

3.  The Clerk of Court is instructed to close this case.

Dated this 7th day of April, 2022.

Honorable Cindy K. Jorgenson
United States District Judge